[Cite as *Waliga v. Goon*, 2013-Ohio-5687.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

GEORGE WALIGA : JUDGES:
:
: Hon. William B. Hoffman, P.J.
Plaintiff - Appellee : Hon. Patricia A. Delaney, J.
: Hon. Craig R. Baldwin, J.
:
-vs- :
:
:
MARY GOON, ET AL. : Case No. 13-COA-008
:
:
Defendants - Appellants : O P I N I O N


CHARACTER OF PROCEEDING: Appeal from the Ashland Municipal
Court, Case No. 12-CV-G-0426



JUDGMENT: Reversed and Remanded



DATE OF JUDGMENT: December 6, 2013



APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

NOAH MUNYER                               MARY M. GOON, PRO SE
135 Portage Trial                         RYAN C. HASSINGER, PRO SE
Cuyahoga Falls, OH 44221                  419 Luther Street
                                          Ashland, OH 44805

*Baldwin, J.*

{¶1}    Defendants-appellants Mary Goon and Ryan Hassinger appeal from the March 14, 2013 Magistrate's Decision that was adopted by the Ashland Municipal Court.

## STATEMENT OF THE FACTS AND CASE

{¶2}    In 2011, appellee George Waliga, as seller, and appellants Mary Goon and Ryan Hassinger, as buyers, entered into an agreement. Pursuant to the terms of the agreement, appellants agreed to buy a manufactured home from appellee. Appellants also rented a lot in a mobile home park owned by appellee for the home.

{¶3}    On March 29, 2012, appellee filed a forcible entry and detainer complaint against appellant Mary Goon and all other occupants of the subject premises.  Appellant Ryan Hassinger was joined as a defendant. Appellants filed an answer and counterclaim on May 4, 2012, alleging violations of the rental agreement.  Appellee filed an answer to the counterclaim, on May 23, 2012.

{¶4}    A trial before a Magistrate was held on September 27, 2012 and October 26, 2012. Pursuant to a Magistrate's Decision filed on March 14, 2013, the Magistrate recommended that the trial court grant judgment in favor of appellee and against appellants. The Magistrate found that appellee was entitled to recover back rent from appellants in the amount of $1,534.48, $2,115.00 in repair and clean up costs and $1,500.00 in attorney's fees.  The trial court approved and adopted such decision the same day.

{¶5}    On March 21, 2013, appellant Ryan Hassinger filed a request for findings of fact and conclusions of law as well as a request that complete audio and video

recordings of the case be prepared so that he could file objections to the Magistrate's Decision. The Magistrate, in an Order filed on March 27, 2013, denied both requests. The Magistrate found that, in his Decision, he had issued findings of fact and conclusions of law. He further stated that the court would provide a recording of the proceeding upon payment of $100.00.

{¶6} Appellant Ryan Hassinger, on March 29, 2013, filed a Motion to Disqualify the Magistrate on the basis that he was biased. On the same date, he filed a Motion to Set Aside the Magistrate's Order of March 27, 2013 denying his request for findings of fact and conclusions of law. Appellant, in his motion, asked that the time for filing objections be extended until such time as the Magistrate filed the same.

{¶7} As memorialized in a Judgment Entry filed on March 29, 2013, the trial court overruled appellant Ryan Hassinger's Motion to Disqualify the Magistrate, Motion to Set Aside the Magistrate's Order of March 27, 2013, and his request that the time for filing objections be extended until such time as the Magistrate filed findings of fact and conclusions of law. The trial court found that the Magistrate's March 14, 2013 Decision contained sufficient findings of fact and conclusions of law.

{¶8} Appellants now raise the following assignments of error on appeal:

{¶9} "1. THE TRIAL COURT ERRED WHEN THE MAGISTRATES DECISION WAS ADOPTED BY THE COURT WITHOUT CONTAINING ANY SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER THE APPELLANT REQUESTED THEY BE PROVIDED."

{¶10} "2. THE TRIAL COURT ERRED WHEN ITS POST JUDGMENT RULINGS AND ACTIONS SERVED TO HINDER THE RIGHTS OF THE APPELLANTS

CONTRARY TO THE APPLICATION OF JUSTICE, AND THEREFORE THE DUE PROCESS CLAUSE OF US CONT. AMEND XIV."

{¶11} "3. THE TRIAL COURT ERRED WHEN IT'S (SIC) RULING ENFORCED A VOID CONTRACT AGAINST THE APPELLANTS."

{¶12} "4. THE TRIAL COURT ERRED WHEN IT VIOLATED RES JUDICATA BY ABANDONED (SIC) IT'S (SIC) OWN FINDINGS FOR THE DEFENDANTS AND STARTING OVER ON THE BASIS THAT THE APPELLEE OBTAINED COUNSEL."

{¶13} "5. THE TRIAL COURT ERRED WHEN THE MAGISTRATE HELD THE TRIAL WITH A DISTINCT AND PREJUDICIAL BIAS AGAINST THE APPELLANTS."

{¶14} "6. THE TRIAL COURT ERRED WHEN IT HELD NUMEROUS EX PARTE MEETINGS WITH THE PLAINTIFF."

{¶15} "7. THE TRIAL COURT ERRED WHEN THE (SIC) IT REFUSED TO ENFORCE THE APPELLANTS (SIC) RIGHT TO DISCOVERY."

{¶16} "8. THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW THE DEFENDANT TO IMPEACH HOSTILE WITNESSES."

{¶17} "9. THE TRIAL COURT ERRED WHEN IT CUT OFF THE DEFENDANTS (SIC) QUESTIONING OF WITNESSES."

{¶18} "10. THE TRIAL COURT ERRED WHEN IT ALLOWED PLAINTIFF'S COUNSEL TO COACH WITNESSES ON THE STAND IN OPEN COURT."

{¶19} "11. THE TRIAL COURT ERRED WHEN IT'S (SIC) DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶20} "12.  THE TRIAL COURT ERRED WHEN IT PROVIDED A SPECIFIC TIMELINE FOR THE DEFENDANTS TO FINISH THEIR CASE, AND THEN REDUCED THAT TIMELINE WITHOUT NOTICE."

{¶21} "13.  THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT CLOSING ARGUMENTS."

{¶22} "14.  THE TRIAL COURT ERRED WHEN IT CAUSED THE DOCKET TO BE FALSELY RECORDED."

I

{¶23} Appellants, in their first assignment of error, argue that the trial court erred when it adopted the Magistrate's Decision without providing findings of fact and conclusions of law.

{¶24} Civ.R. 53 (D) states, in relevant part, as follows:" (ii) *Findings of fact and conclusions of law*. Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law….

{¶25} "(b) *Objections to magistrate's decision*.

{¶26} *Time for filing*. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any

party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law."

{¶27} In the case sub judice, the Magistrate's Decision was issued on March 14, 2013. The Magistrate, in his Decision, made the following facts and conclusions of law: "Plaintiffs have proven their claims for damages for repairs and back rent by the preponderance of the evidence. Plaintiffs are entitled to recover from Defendants back rent of $1,534.48, cost of repair of damages and clean up the sum of $2115.00 and reasonable attorney fees of $1,500.00."

{¶28} Appellant Ryan Hassinger, on March 21, 2013, filed a timely request for findings of fact and conclusions of law. The Magistrate, in an Order filed on March 27, 2013, denied such request, finding that he had issued the same. In response, appellant Ryan Hassinger, on March 29, 2013, filed a Motion to Set Aside such order. As memorialized in a Judgment Entry filed on March 29, 2013, the trial court overruled appellant Ryan Hassinger's Motion to Set Aside the Magistrate's Order of March 27, 2013, finding that the Magistrate's March 14, 2013 Decision contained sufficient findings of fact and conclusions of law.

{¶29} We, however, disagree. The Magistrate's March 14, 2013 Decision did not contain findings of fact. Because appellant made a timely request for findings of fact and conclusions of law, the time for filing objections did not begin to run until the Magistrate filed a decision that included findings of fact and conclusions of law. Without

findings of fact and conclusions of law, appellants would not have known what issues to raise in their objections.

{¶30}   Based on the foregoing, appellants' first assignment of error is sustained. The remaining assignments of error are moot.

{¶31}   Accordingly, the judgment of the Ashland Municipal Court is reversed and this matter is remanded for proceedings consistent with this Opinion.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

CRB/dr

[Cite as *Waliga v. Goon*, 2013-Ohio-5687.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GEORGE WALIGA | : | |
| | : | |
| Plaintiff -Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARY GOON, ET AL. | : | |
| | : | |
| Defendants - Appellants | : | CASE NO. 13-COA-008 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is reversed and remanded. Costs assessed to appellee.


HON. CRAIG R. BALDWIN


HON. WILLIAM B. HOFFMAN


HON. PATRICIA A. DELANEY