[Cite as *King v. Cleavenger*, 2017-Ohio-7973.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| L. R. KING, TRUSTEE | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TODD CLEAVENGER, ET AL | : | Case No. 2017CA00008 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal
Court, Case No. 16CVG6540


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          September 29, 2017


APPEARANCES:

For Plaintiff-Appellee          For Defendants-Appellants

ANDY A. GINELLA          ROBERT P. CAMPBELL
4096 Holiday Street NW          2800 West Market Street
Canton, OH  44718          Akron, OH  44333

*Wise, Earle, J.*

{¶ 1}   Defendants- Appellants Todd Clevenger, et. al. appeal from the January 10, 2017 Report of the Magistrate of the Canton Municipal Court, Stark County, Ohio. Plaintiff-appellee is L.R. King, Trustee.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   In February 2016, appellants and appellee entered into a commercial lease agreement (lease) for the property located at 334-336 4th Street N.W in Canton (premises). The lease states that the premises would be occupied for use as a winery and for no other purpose. The lease further states lessee is responsible for compliance with all statutes, ordinances, and requirements of municipal, state, and federal authorities.

{¶ 3}   Appellants later discovered that there was no certificate of occupancy for the leased premises. Based on that discovery, appellants stopped paying rent, and failed to deposit rent in escrow with the court. In December 2016, appellee therefore filed a forcible entry and detainer action in the Canton Municipal Court against appellants, Todd Cleavenger and All Occupants, Island Palm Winery, LLC, seeking to evict appellants from the premises for failure to pay rent pursuant to the terms of the lease.

{¶ 4}   In January, 2017, appellants filed an answer and a counterclaim for alleged damages in the amount of $516,187.81. Appellants admitted in their answer that they have, since November 1, 2016 unlawfully and forcibly detained from appellee the subject premises.

{¶ 5}   A hearing was held on January 6, 2017 before a magistrate on the first cause of action for writ of restitution. The trial court heard testimony from lessee Todd Cleavenger. Cleavenger indicated that he began renovations on the premises, but the project was halted when the city building and inspection department advised they could not run a business on the premises until they obtained a certificate of occupancy.

{¶ 6}   On January 10, 2017, the magistrate issued a report finding: 1) Appellee owns the subject property and rents it to appellants at a rate of $700.00 per month; 2) Appellants failed to pay rent due on November 1, 2016 and thereafter; 3) Appellants were properly served with notice in writing to vacate the premises; 4) Appellants failed to vacate the premises in accordance with the notice, and; 5) appellants were duly served with notice according to law.

{¶ 7}   On the same day, the magistrate ordered a writ of restitution in favor of appellee, and transferred appellants' counter claim to the Court of Common Pleas. Appellants neither filed a motion to set aside the magistrate's order, nor filed objections to the magistrate's decision. Appellants' counterclaim for damages remains pending.

{¶ 8}   Appellants then filed this appeal, and the matter is now before this court for consideration. Appellants raise one assignment of error:

I

{¶ 9}   "THE TRIAL COURT ERRED IN ISSUING A WRIT OF RESTITUTION IN FAVOR OF PLAINTIFF-APPELLEE."

{¶ 10} In the sole assignment of error, appellant argues the trial court erred in issuing a writ of restitution to appellees because appellant raised an equitable defense to non-payment of rent due to the lack of a certificate of occupancy.

{¶ 11} Appellant failed, however, to file objections to the magistrate's decision as required by Civ.R. 53. We therefore agree with appellee that appellants have waived their right to appeal the magistrate's decision and the trial court's adoption of the same.

{¶ 12} As we explained in *Lemon v. Lemon*, 5th Dist. Stark No. 2010CA00319, 2011-Ohio-1878 ¶ 63-64:

Civ.R. 53(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." See, e.g., *Stamatakis v. Robinson* (January 27, 1997), Stark App.No. 96CA303; *Kademenos v. Mercedes–Benz of North America, Inc.* (March 3, 1999), Stark App. No. 98CA50.

Civ.R. 53(D)(3)(b)(iv) further provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

However, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Dorsey v.*

*Dorsey*, Fifth Dist.App. No .2009–CA–00065, 2009–Ohio–4894; *Goldfuss*

*v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099, 1997–Ohio–401, at

syllabus.

{¶ 13} Based upon the failure of appellants to object to the magistrate's decision, and our failure to find any plain error, we reject appellant's sole assignment of error and hereby overrule same.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/sg 921