[Cite as *Kess v. Kess*, 2018-Ohio-1370.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JAMES C. KESS | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 17 CAF 05 0029 & |
| | : | 15 CAF 10 0076 |
| ROBERTA J. KESS | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 09 DR A 11 0551

JUDGMENT:      AFFIRMED IN PART; REVERSED AND REMANDED IN PART

DATE OF JUDGMENT ENTRY:      April 10, 2018

APPEARANCES:

For Plaintiff-Appellant:

NICHOLAS W. YAEGER
580 South High St., Suite 200
Columbus, OH 43215

For Defendant-Appellee:

MICHAEL A. PARTLOW
112 S. Water St., Suite C
Kent, OH 44240

*Delaney, J.*

{¶1}   Plaintiff-Appellant James C. Kess appeals multiple judgment entries of the Delaware County Court of Common Pleas, Domestic Relations Division.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellant James C. Kess ("Husband") and Defendant-Appellee Roberta J. Kess ("Wife") were married on June 19, 1987. Three children were born as issue of the marriage.

{¶3}   Husband filed a complaint for divorce on November 12, 2009. Wife filed her answer and counterclaim on November 17, 2009.

{¶4}   The matter proceeded to trial before the magistrate on June 13, 2014 and June 16, 2014. The magistrate issued a Magistrate's Decision on August 27, 2015. The Magistrate's Decision included a header stating, "FINDINGS OF FACT and CONCLUSIONS OF LAW," which was followed by 52 paragraphs reciting evidence adduced at trial and the magistrate's recommendations including the parties' earning capacities, property distributions, spousal support, and child support. The Findings of Fact and Conclusions of Law were followed by 39 paragraphs of the magistrate's orders.

{¶5}   Relevant to this appeal, the magistrate reviewed the parties' marital and separate assets. During the pendency of the divorce proceedings, Husband filed a Chapter 7 bankruptcy petition. The marital residence was sold by the Trustee. The sale net proceeds were approximately $64,609.20. Wife received $17,500, Husband received $12,500, and Husband's bankruptcy estate received $34,359.20. The magistrate further reviewed the parties' personal property, insurance policies, financial assets, and debts as presented at the trial. The magistrate found Husband was entitled to $105,832.20 in

assets and Wife was entitled to $86,761.00 in assets. The magistrate distributed all marital debt to Wife in the amount of $57,668.00. The magistrate recommended Husband pay Wife a distributive award in the amount of $38,369.60 to equalize the distribution to $67,462.60 for each party.

{¶6} Also relevant to this appeal, evidence was presented as to the parties' earning capacities. At the time of the trial, Husband was 51 years old. Husband was employed at Angelo's Pizza, a restaurant owned by his brother, as a dining room manager earning $20 per hour or $41,600 per year. He attended Ohio State University for two years. Husband has been employed as a fast food cook, construction superintendent, building equipment and supply sales representative, and food service manager. A vocational expert testified Husband's earning capacity was between $49,945 and $60,278. The magistrate reviewed Husband's reported wages from 2009 to 2013.

{¶7} Wife was 46 years old at the time of the trial. Wife was a high school graduate. Her highest earned income was approximately $40,000 as an offset printer. She stopped working full-time in 2002, but worked some part-time jobs at department stores. Wife had medical issues which limited her employability. A vocational expert testified Wife was capable of earning $15,000 to $21,000 per year.

{¶8} The magistrate imputed income to Husband in the amount of $49,945.00 and Wife in the amount of $15,000. The magistrate recommended Husband pay spousal support in the amount of $750 per month for a period of eight years. The magistrate further recommended Husband pay child support in the amount of $769.33 per month.

{¶9} On September 2, 2015, Husband filed a Request for Findings of Fact and Conclusions of Law.

{¶10} On September 8, 2015, the trial court denied Husband's request for findings of fact and conclusions of law. The trial court found the magistrate issued a 20-page decision that included 52 findings of fact and conclusions of law. For that reason, the trial court denied the request.

{¶11} The trial court adopted the Magistrate's Decision on September 11, 2015.

{¶12} Husband attempted to file objections to the Magistrate's Decision with the Delaware County Clerk of Courts on September 22, 2015. The Clerk of Courts rejected Husband's Objections for filing because it determined the objections were untimely. Husband filed a motion for leave to file supplemental objections on September 22, 2015. On September 25, 2015, the trial court denied the motion for leave because it found there were no objections to supplement.

{¶13} A transcript of the proceedings was filed on September 28, 2015. The record does not reflect when Husband requested the transcript.

{¶14} On October 7, 2015, Husband filed an appeal of the September 11, 2015 judgment entry in Case No. 15 CAF 10 0076. Husband also filed a Writ of Mandamus to order the Delaware County Clerk of Courts to accept and file his Objections to the Magistrate's Decision. We stayed Case No 15 CAF 10 0076 during the pendency of the Writ of Mandamus. On January 26, 2017, we ordered the Delaware County Clerk of Courts to accept Husband's Objections for filing. We held it was the purview of the trial court to determine whether Husband's Objections were timely filed. Husband's Objections were filed and backdated as of September 22, 2015. *State ex rel. Kess v. Antonoplos*, 5th Dist. Delaware No. 16CAD030010, 2017-Ohio-305. On March 10, 2017, this Court

remanded the matter to the trial court for the purpose of determining the timeliness of Husband's Objections and whether to consider the Objections.

{¶15} Upon the remand of the matter to the trial court, the parties filed briefs on the issue of whether Husband's Objections were timely filed. On April 4, 2017, the trial court ruled Husband's Objections were not timely filed.

{¶16} Husband filed a notice of appeal of the trial court's decision in Case No. 17 CAF 05 0029. This Court consolidated Case Nos. 15 CAF 10 0076 and 17 CAF 05 0029 for appeal.

## ASSIGNMENTS OF ERROR

{¶17} Husband raises three Assignments of Error:

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY DENYING THE APPELLANT'S REQUEST FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AND BY FINDING THAT THE APPELLANT'S OBJECTIONS WERE NOT TIMELY FILED AS PROVIDED IN OHIO CIVIL RULE 53(B).

{¶19} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVISABLE [SIC] ERROR BY ADOPTING THE PROPERTY DIVISION CONTAINED WITHIN THE MAGISTRATE'S DECISION AS THE MAGISTRATE'S DECISION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS CONTRARY TO OHIO REVISED CODE §3105.171.

{¶20} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN THE IMPUTATION OF INCOME AND CALCULATION OF BOTH CHILD AND SPOUSAL SUPPORT."

**ANALYSIS**

**I. Timeliness of Objections to Magistrate's Decision**

{¶21} Husband argues in his first Assignment of Error that the trial court erred when it denied his request for findings of fact and conclusions of law and then found his objections to the Magistrate's Decision were not timely filed.

{¶22} Civ.R. 53(D) states, in relevant part, as follows:

(3) *Magistrate's Decision; Objections to Magistrate's Decision.*

(a) Magistrate's decision.

(i) When required. Subject to the terms of the relevant reference, a magistrate shall prepare a magistrate's decision respecting any matter referred under Civ.R. 53(D)(1).

(ii) Findings of fact and conclusions of law. Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law.

(iii) Form; filing, and service of magistrate's decision. A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the

decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

(b) Objections to Magistrate's Decision.

(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may

be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶23} The Magistrate's Decision was filed on August 27, 2015. It stated it contained findings of facts and conclusions of law, which was comprised of 52 paragraphs reviewing the evidence presented at trial and reaching conclusions as to the elements of Husband's divorce claim. Within seven days of the Magistrate's Decision, Husband filed a motion on September 2, 2015 motion stating he was requesting findings of fact and conclusions of law pursuant to Civ.R. 53(D)(3)(a)(ii). Husband's request did not state he was seeking supplemental findings and conclusions. On appeal, Husband contends the trial court abused its discretion in denying his request for findings of fact and conclusions of law because he sought more clarity on the magistrate's findings and conclusions, such as how the magistrate determined Husband's imputed income. On September 8, 2015, the trial court denied Husband's request for findings of fact and conclusions of law. Pursuant to Civ.R. 53(D)(3)(b)(i), objections to the Magistrate's Decision were due on

September 10, 2015. The trial court adopted the Magistrate's Decision on September 11, 2015, fifteen days after the Magistrate's Decision was filed. Husband filed his objections to the Magistrate's Decision on September 22, 2015, 26 days after the Magistrate's Decision was issued. By judgment entry, the trial court rejected Husband's objections as being untimely filed based on its previous decision to deny Husband's request for findings of fact and conclusions of law.

{¶24} Civ.R. 53 does not require a magistrate to issue a decision containing findings of fact and conclusions law in every case. Civ.R. 53(D)(3)(a)(ii) states, "Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law." Husband does not contend the Magistrate's Decision was a general decision. He contends on appeal he requested findings of fact and conclusions of law to provide clarity on the magistrate's recommendations. The plain language of Civ.R. 53 provides no statutory guidance for a request for supplemental findings of fact and conclusions of law. As noted by this Court in *Hutta v. Hutta*, 5th Dist. Delaware No. 10CAF040031, 2011–Ohio–3041 at paragraph 15: "If a magistrate has not prepared findings of fact or has prepared findings of fact that are insufficient, the burden is on the party objecting to request findings of fact from the magistrate pursuant to Civ. R. 52 and Civ. R. 53(E)(2). *Rush v. Schlagetter* (April 15, 1997), Ross App. No. 96CA2215, unreported." *Digenova v. Digenova*, 5th Dist. Tuscarawas No. 2015 AP 07 0045, 2016-Ohio-1080, ¶ 25. Findings of fact and conclusions of law allow the reviewing court to gain a clear understanding of the basis of the lower court's decision and to determine the grounds on which the magistrate or trial court reached its decision. See *State v. Jacks*,

5th Dist. Licking No. 99 CA 113, 2000 WL 329740 (Feb. 29, 2000), citing *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975). The findings of fact and conclusions of law should be explicit enough to sufficiently apprise the parties and the court of the grounds for the decision. *See State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016–Ohio–2921.

{¶25} A party's request for findings of fact and conclusion of law pursuant to Civ.R. 52(D)(3)(a)(ii) is a request to the trial court to determine whether the magistrate's decision was sufficiently specific to satisfy the requirements of Civ.R. 53(D)(3)(a)(ii). This Court has found it is within the trial court's discretion whether to grant a request for findings of fact and conclusions of law. *United Studios of Am. v. Laman*, 5th Dist. Stark No. 2007CA00277, 2008-Ohio-3497, ¶ 55.

{¶26} In this case, the trial court found the Magistrate's Decision met the requirements of Civ.R. 53(D)(3)(a)(ii). The trial court denied Husband's request for findings of fact and conclusions of law because it found the Magistrate's Decision already contained findings and conclusions on all matters presented in Husband's complaint and Wife's counterclaim. Upon review of its judgment when considering whether Husband's objections to the Magistrate's Decision were timely filed, the trial court found the Magistrate's Decision "did not merely regurgitate the evidence presented at trial." (Judgment Entry, Apr. 4, 2017). The trial court found the magistrate made specific findings of fact such as to spousal support and the parties' usage of marital funds. The trial court also referred to the magistrate's conclusions of law as to spousal support, distributive award, and award of attorney's fees. (Judgment Entry, Apr. 4, 2017).

{¶27} Our review of the Magistrate's Decision reveals the magistrate thoroughly examined and reviewed the elements of Husband's complaint for divorce and Wife's

counterclaim. The magistrate made sufficient findings of fact and conclusions of law as to spousal support, the parties' earning capacities, child support, property division, equalization of the property division, and distributive award.

{¶28} We distinguish the findings of fact and conclusions of law found in the present case from those analyzed in *Waliga v. Goon*, 5th Dist. Ashland No. 13-COA-008, 2013-Ohio-5687, cited by Husband in support of his argument. In *Waliga*, the magistrate's decision was issued on March 14, 2013. The magistrate, in his Decision, made the following findings of facts and conclusions of law: "Plaintiffs have proven their claims for damages for repairs and back rent by the preponderance of the evidence. Plaintiffs are entitled to recover from Defendants back rent of $1,534.48, cost of repair of damages and clean up the sum of $2115.00 and reasonable attorney fees of $1,500.00." *Id.* at ¶ 27. The appellant filed a timely request for findings of fact and conclusions of law. The magistrate denied the request, finding that he had issued the same. In response, appellant filed a Motion to Set Aside the order. The trial court overruled appellant's Motion to Set Aside the Magistrate's Order of March 27, 2013, finding that the magistrate's March 14, 2013 Decision contained sufficient findings of fact and conclusions of law. *Id.* at ¶ 28.

{¶29} We disagreed. We found the magistrate's decision did not contain findings of fact. Because appellant made a timely request for findings of fact and conclusions of law, the time for filing objections did not begin to run until the magistrate filed a decision that included findings of fact and conclusions of law. Without findings of fact and conclusions of law, appellant would not have known what issues to raise in his objections. *Id.* at ¶ 29.

{¶30} In this case, the Magistrate issued 52 paragraphs to explain the findings of fact and conclusions of law. Husband does not argue the Magistrate issued a general decision. It appears from Husband's arguments that he did not agree with the conclusions reached by the magistrate and adopted by the trial court, but that does not impact the sufficiency of the findings of fact and conclusions of law issued in the Magistrate's Decision for Husband to file objections to the decision.

{¶31} After finding the trial court did not abuse its discretion to deny Husband's request for findings of fact and conclusions of law, we next address Husband's argument that the trial court erred by finding his objections to the Magistrate's Decision were untimely filed.

{¶32} Civ.R. 53(D)(3)(b)(i) states, "If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law." Husband contends his time for filing objections began to run on September 8, 2015, when the trial court denied his request for findings of fact and conclusions of law or, in the alternative, the time for filing objections began to run after the magistrate filed findings of fact and conclusions of law after his request was made. In its April 4, 2017 judgment entry, the trial court reviewed the language of the Civil Rule and found the Rule to be unambiguous that the time to file objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law. On August 27, 2015, the magistrate filed a decision that included findings of fact and conclusions of law. Husband's objections were due on or before September 10, 2015.

{¶33} Husband makes no argument the August 27, 2015 Magistrate's Decision was a general decision and did not contain findings of fact and conclusions of law. Husband argues the magistrate's purported findings of fact and conclusions of law were insufficient to meet Civ.R. 53(D)(3)(a)(ii). However, the plain language of Civ.R. 53(D)(3)(b)(i) does not allow for that distinction. The Rule plainly states if a party requests findings of fact and conclusions of law, the time to file objections runs when the findings of fact and conclusions of law are filed. In this case, findings of fact and conclusions of law were filed on August 27, 2015. It was Husband's argument the magistrate's findings of fact and conclusions of law were insufficient. The trial court found, and we agree, the findings of fact and conclusions of law were sufficient under Civ.R. 53(D)(3)(a)(ii). The proper remedy in this case would have been to object to the decision announced by the magistrate. *See Morgan Stanley Credit Corp. v. Fillinger*, 2012-Ohio-4295, 704 N.E.2d 362 (8th Dist.). While Husband's request for findings of fact and conclusions of law was pending, Husband could have filed objections to the Magistrate's Decision within the 14-day period and supplemented those objections after the trial court ruled on Husband's pending request for findings of fact and conclusions of law. Husband's objections to the Magistrate's Decision were filed on September 22, 2015, 26 days after the Magistrate's Decision was filed and outside the fourteen-day window under Civ.R. 53(D)(3)(b)(i).

{¶34} We find the trial court did not abuse its discretion to deny Husband's request for findings of fact and conclusions of law and to find Husband's objections were untimely filed. Husband's first Assignment of Error is overruled.

**II. Plain Error**

{¶35} On April 4, 2017, the trial court determined Husband's objections to the Magistrate's Decision were untimely filed. It would not consider the late objections and the September 11, 2015 judgment entry remained in full force and effect. In Husband's first Assignment of Error, we affirmed the trial court's decision to deny Husband's request for findings of fact and conclusions of law and to find Husband's objections to the Magistrate's Decision were untimely filed. Husband argues in his second and third Assignments of Error that the trial court abused its discretion and committed a reversible error when it adopted the Magistrate's Decision as to the property division and support provisions.

{¶36} Civ.R. 53(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." A party's failure to specifically object to a magistrate's decision does not bar appellate review of "plain error." *In re M.H.*, 5th Dist. Fairfield No. 2016 CA 43, 2017-Ohio-1100, ¶ 24. Civ.R. 53(D)(3)(b)(iv) further provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." The plain error doctrine, however, is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *King*

*v. Cleavenger*, 5th Dist. Stark No. 2017CA00008, 2017-Ohio-7973, ¶ 12. To constitute plain error in a civil case, the error must be "obvious and prejudicial" and "if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." *Friedland v. Djukic*, 191 Ohio App.3d 278, 2010–Ohio–5777, ¶ 37 (8th Dist.). We will herein proceed under a plain error standard of review.

### III. Property Division

{¶37} Husband argues the trial court erred as to the property division between Husband and Wife. He raises five issues with the trial court's property division: 1) the trial court's assignment of $34,359.20 to Husband from the sale of the marital home in the bankruptcy proceeding; 2) the trial court's assignment of $1,050.00 to Husband from the sale of martial property in the bankruptcy proceeding; 3) the categorization of the Sea Ray Boat as marital property; 4) the trial court's finding that Wife did not take $18,800.00 in marital funds; and 5) a distributive award to Wife in the amount of $38,369.60 to equalize the distribution.

{¶38} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶39} Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In

either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. * * *"

{¶40} R.C. 3105.171(C)(1) further states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

{¶41} To make an equitable division of property, the trial court should first determine the value of the marital assets. *See Eisler v. Eisler*, 24 Ohio App.3d 151, 152, 493 N.E.2d 975 (1985). In performing this function, the trial court has broad discretion to develop some measure of value. *See Berish v. Berish*, 69 Ohio St.2d 318, 432 N.E.2d 183 (1982). Thus, "[t]he valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* 10th Dist. Franklin No. 08AP-27, 2008-Ohio-6121, 2008 WL 5049808, ¶ 18 citing *Berish, supra.* Generally, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, 936 N.E.2d 1013 (5th Dist.), ¶ 16, citing *Cross Truck Equipment Co. v. Joseph A. Jeffries Co.*, 5th Dist. Stark No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). "Trial court decisions on what is presently separate and marital property are not reversed unless there is a showing of an abuse of discretion." *Valentine v. Valentine*, 5th Dist. Ashland No. 95COA01120, 1996

WL 72608 (Jan. 10, 1996), citing *Peck v. Peck*, 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist. 1994).

*Proceeds from Sale of Marital Home*

{¶42} The parties were owners of a marital home mortgaged to Fifth Third Bank. During the pendency of the divorce proceeding, Husband filed a Chapter 7 bankruptcy proceeding. The bankruptcy trustee sold the marital home, paid the outstanding mortgage, and the net proceeds from the sale were approximately $64,609.20. Wife received $17,500.00, Husband received $12,500.00, and Husband's bankruptcy estate received $34,359.20. The $34,359.20 was used by the bankruptcy trustee.

{¶43} In its judgment entry, the trial court assigned $64,359.20 as the value of the marital home. The trial court then divided the martial asset, awarding Husband $46,859.20 ($12,500 plus $34,359.20) and Wife $17,500.00.

{¶44} Husband contends the trial court erred in assigning $34,359.20 to him because those funds were used by the bankruptcy estate to settle marital debt. Husband did not get the benefit of the funds. Husband states the trial court should have either excluded $34,359.20 from the marital balance sheet or divided the amount equally between Husband and Wife.

{¶45} The Bankruptcy Trustee's Final Report stated the trustee realized gross receipts in the amount of $460,825.11. (Joint Exhibit 2). Administrative expenses were paid from the bankruptcy estate in the amount of $43,228.34 and other payments to creditors were in the amount of $372,282.60. (Joint Exhibit 2). Wife argues there was no resolution at the trial court as to whether the debts discharged during Husband's bankruptcy proceeding were marital or separate debt. In the division of marital assets and

debt, the trial court assigned all marital debt to Wife. Evidence was presented at trial that the majority of the debt discharged in bankruptcy belonged to Husband's creditors. (T. 325).

{¶46} Based on the record, we find no plain error for the trial court to assign $34,359.20 to Husband. Competent and credible evidence was presented at trial that Husband gained a benefit from the $34,359.20 during his bankruptcy proceeding. The trial court then equalized the marital debt and assets by assigning all debt to Wife.

*Assignment of $1,050 to Husband*

{¶47} Husband argues the trial court abused its discretion when it assigned the proceeds of the sale by the bankruptcy trustee of two pieces of marital property to Husband. The bankruptcy trustee sold a leaf pick-up machine and tanning bed for $1,050.00, which the trial court listed as Husband's asset.

{¶48} As with the assignment of the proceeds of the marital home, we find there is no plain error for the trial court to assign $1,050.00 as Husband's asset in order to make an equitable division of the marital property. The property items were sold by the bankruptcy trustee and placed in the bankruptcy estate. The trial court awarded Wife the proceeds from the sale of a lawnmower in the amount of $1,000.00 and miscellaneous property in the amount of $280.00.

*Sea Ray Boat*

{¶49} Husband next contends the trial court erred when it found the Sea Ray Boat was marital property, not Husband's separate property. Husband testified he used inherited funds to purchase the Sea Ray Boat. Wife testified the funds to purchase the

boat came from marital funds out of a joint account. The Sea Ray Boat was jointly titled in both Husband's and Wife's name.

{¶50} The boat was sold by the bankruptcy trustee for $5,850.00 during Husband's bankruptcy proceeding. Husband testified the proceeds were used to pay the bankruptcy and Wife received approximately half of the proceeds. (T. 138). The trial court found Husband received $3,057.50 and Wife received $2,792.50.

{¶51} R.C. 3105.171(B) states in pertinent part that "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * *." The characterization of property as marital or separate must be supported by sufficient, credible evidence. *See Chase–Carey v. Carey,* 5th Dist. Coshocton No. 99CA1, 1999 WL 770172. The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of the evidence. *Passyalia v. Moneir*, 5th Dist. Stark No. 2016 CA 00182, 2017-Ohio-7033, ¶ 18 citing *Cooper v. Cooper,* 5th Dist. Licking No. 14 CA 100, 2015-Ohio-4048, ¶ 45, citing *Zeefe v. Zeefe*, 125 Ohio App.3d 600, 614, 709 N.E.2d 208 (1998).

{¶52} In this case, the trial court found Husband did not establish by a preponderance of the evidence that the Sea Ray Boat was separate property. Husband testified the boat was purchased with separate funds; Wife testified the boat was purchased with marital funds. The Sea Ray Boat was titled in both parties' names and Husband testified Wife was given approximately half of the proceeds after the sale of the boat by the bankruptcy trustee. We find no plain error for the trial court to designate the Sea Ray Boat as marital property.

*Wife Took $18,800 in Anticipation of Divorce*

{¶53} Husband next claims the trial court did not consider the evidence and failed to find that Wife received $18,800.00 in cash from marital funds. Husband contends the trial court should have distributed $18,800.00 to Wife as a marital asset.

{¶54} At trial, W. Dana Lavelle, a certified public accountant, testified on behalf of Husband. Mr. Lavelle conducted an examination of the parties' finances. Mr. Lavelle testified that it appeared from the parties' financial records and information from Husband that Wife took $18,800.00 in marital funds in anticipation of divorce. Wife testified she used the funds to pay the mortgage on the marital home, marital bills, and expenses for the children.

{¶55} The trial court found the evidence presented did not sustain Husband's allegation that Wife took $18,800.00 in marital funds. It is generally recognized that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. *Passyalia v. Moneir*, 5th Dist. Stark No. 2016 CA 00182, 2017-Ohio-7033, ¶ 23 citing *Taralla v. Taralla,* 5th Dist. Tuscarawas No. 2005 AP 02 0018, 2005-Ohio-6767, ¶ 31. We do not find this to be an exceptional circumstance where there is plain error by the trial court. The trial court considered the parties' testimony and found Wife to be more credible.

*Distributive Award*

{¶56} Husband finally argues the trial court erred in awarding Wife a distributive award in the amount of $38,369.60 to equalize the distribution of marital assets and debts.

{¶57} R.C. 3105.171(A)(1) defines a "distributive award" as: "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in

fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code." "The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. * * *" R.C. 3105.171(E)(1).

{¶58} Having found the trial court divided the marital assets and debts equitably, we find the trial court did not abuse its discretion when it made a distributive award to effectuate the division of marital property.

{¶59} Husband's second Assignment of Error is overruled.

**IV. Spousal and Child Support**

{¶60} Husband raises three arguments in his third Assignment of Error. First, he contends the trial court abused its discretion when it imputed income to Husband in the amount of $49,945.00 for spousal and child support purposes. Second, he states the trial court erred by failing to include Wife's spousal support on the child support computation worksheet. Third, Husband argues his spousal support obligation is too high.

*Spousal Support*

{¶61} The trial court ordered Husband to pay Wife spousal support in the amount of $750.00 per month for a period of eight years. This equates to $9,000.00 per year or a total amount of $72,000.00.

{¶62} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*

*v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). R.C. 3105.18(C)(1)(a) through (n) sets forth the factors a trial court is to consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support:

> (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
>
> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;
>
> (h) The relative extent of education of the parties;
>
> (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶63} Trial courts must consider all the factors listed in R.C. 3105.18(C). This court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered. *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008–Ohio–3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.), citing *Clendening v. Clendening*, 5th Dist. Stark No.2005CA00086, 2005–Ohio–6298, ¶ 16, citing *Barron v. Barron*, 5th Dist. Stark No.2002CA00239, 2003–Ohio–649. The trial court need set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. Id., citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

{¶64} This Court has held that in determining spousal support, a trial court may, in its discretion, impute income to a party based on the party's earning ability under R.C.

3105.18(C)(1)(a) and (b) even if it is determined that a party has no income, depending on the facts and circumstances of each case. *Snyder v. Synder*, 5th Dist. Stark No. 2008CA00219, 2009–Ohio–5292, ¶ 30.

{¶65} R.C. 3105.18(C) does not specifically direct the trial court to impute income to a party who is voluntarily unemployed when determining spousal support as does the child support statute, R.C. 3119.01(C)(11)(a). *Katchmar v. Katchmar*, 5th Dist. Fairfield No. 16-CA-36, 2017-Ohio-2974, ¶ 27 citing *Basista v. Basista*, 6th Dist. Wood No. WD–14–076, 2016–Ohio–146, ¶ 17. R.C. 3105.18(C)(1), however, requires the trial court consider, among other factors, a party's earning capacity, education, mental and emotional conditions, and ability to seek employment outside the home before determining what amount of spousal support would be appropriate and reasonable. *Id.* citing *Collins v. Collins*, 9th Dist. Wayne No. 10CA0004, 2011–Ohio–2087, ¶ 46.

{¶66} At the time of the trial, Husband was 51 years old. Husband was employed at Angelo's Pizza, a restaurant owned by his brother, as a dining room manager earning $20 per hour or $41,600 per year. He attended Ohio State University for two years. Husband has been employed as a fast food cook, construction superintendent, building equipment and supply sales representative, and food service manager. A vocational expert testified Husband's earning capacity was between $49,945 and $60,278.

{¶67} The magistrate reviewed Husband's reported wages from 2009 to 2013. In 2009, Husband earned $56,994. In 2010, Husband reported earning $8,028 plus unemployment compensation in the amount of $22,711. In 2011, Husband reported on a credit application that his gross income was $5,800.00 per month ($69,600.00 per year). He reported on his taxes that he earned $36,359.00. In 2012, his wages were $42,129.00.

Husband reported no wages for 2013, but reported business income in the amount of $2,850.00.

{¶68} We find the trial court's determination of Husband's earning capacity as $49,945.00 was not an abuse of discretion considering the evidence presented at trial. Husband was currently earning $41,600.00 per year. In the past, Husband had earned over $50,000.00 and possibly over $60,000.00. The amount of imputed income is $8,345.00 above Husband's current reported salary. We find no exceptional circumstances to support the finding of a plain error as to the imputation of income.

{¶69} We further find the trial court did not abuse its discretion in determining the equitable amount of spousal support based on the evidence presented. *See Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990).

*Child Support*

{¶70} In *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989), the Ohio Supreme Court determined that the abuse of discretion standard is the appropriate standard of review in matters concerning child support.

{¶71} The statutory child support computation worksheet includes space for the assessment of each parent's income, which is defined, for a parent who is unemployed or underemployed, as "the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01(C)(5)(b). "In deciding if an individual is voluntarily under employed or unemployed, the court must determine not only whether the change was voluntary, but also whether it was made with due regard to obligor's income-producing abilities and his or her duty to provide for the continuing needs of the child." *Weisgarber v. Weisgarber*, 5th Dist. Stark No.2015CA00158, 2016–Ohio–676, ¶ 25

quoting *Farrell v. Farrell*, 5th Dist. Licking No.2008–CA–0080, 2009–Ohio–1341, ¶ 20. The decision to impute income to a parent is within the trial court's sound discretion. Id. citing *Rock v. Cabral*, 67 Ohio St.3d 108 (1993); Blakemore.

{¶72} Based on our finding as to the imputation of income for spousal support, we likewise find no plain error to impute income to Husband in order to determine Husband's child support obligation.

*Spousal Support Income to Wife for Child Support Calculation*

{¶73} Husband contends in his final argument that the trial court abused its discretion when it failed to include Husband's court-ordered spousal support obligation to Wife as income to Wife on the child support computation worksheet. The trial court included Husband's spousal support obligation as a deduction to Husband's income for purposes of computing child support. We agree with Husband's argument.

{¶74} R.C. 3119.022 sets forth a basic child support computation worksheet to be used in calculating the amount of child support to be paid pursuant to a child support order. R.C. 3119.01(C)(7) provides:

"Gross income" means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation

benefits; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration; *spousal support actually received*; and all other sources of income. * * *.

(Emphasis added.)

{¶75} In *Worley v. Worley*, 5th Dist. Licking No. 06-CA-63, 2007-Ohio-252, this Court reviewed an appeal where the trial court failed to subtract spousal support from the appellant/obligor's income and include the spousal support in the appellee/obligee's income on the child support computation worksheet. We held:

[W]e agree with the reasoning of the Second District Court of Appeals, which stated:

"We conclude that in enacting R.C. Chapter 3119, the General Assembly has codified the common sense notion that in determining the relative income of the parents, spousal support paid from one parent to the other should be included in the obligee's income, and excluded from the obligor's income." *Posadny v. Posadny* (Feb. 22, 2002), 2nd Dist. No. 18906."

Pursuant to R.C. 3119.02, the trial court should have subtracted the spousal support award from appellant's income when calculating his child support obligation. Likewise, the spousal support award should have been included in the calculation of appellee's gross income, pursuant to R.C.

3119.07(C)(7). *Pelger v. Pelger* (Nov. 14, 2005) Stark App. No.2005CA00075. We recognize the statute uses the language "actually received" and "actually paid" but conclude child support calculations should include those amounts ordered and anticipated to be paid in the instant, subject order. * * * To hold otherwise would result in additional proceedings for modification based on the obligor's compliance with the instant, subject order. In the event of noncompliance, contempt of court or modification upward may provide the appropriate remedy.

*Id.* at ¶ 25-27.

{¶76} We agree with Husband the trial court committed a plain error as to the calculation of Wife's gross income when the trial court failed to include spousal support on the child support computation worksheet. Husband's third Assignment of Error is overruled in part and sustained in part. We remand the matter to the trial court for a redetermination of Husband's child support obligation.

**CONCLUSION**

{¶77} Based upon the foregoing, Husband's first and second Assignments of Error are overruled. Husband's third Assignment of Error is overruled in part and sustained in part. We remand the matter to the trial court for a redetermination of Husband's child support obligation.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.