OPINION
{¶ 1} Defendant-appellant, Nicholas J. Digonno, appeals a decision of the Butler County Court of Common Pleas denying his motion for relief from a default judgment entered in favor of plaintiff-appellee, the city of Hamilton.
 {¶ 2} On May 21, 2004, the city filed a complaint for declaration of nuisance and abatement of a property owned by appellant and located at 415 North Eighth Street in Hamilton, Ohio. After appellant failed to answer, the city moved for default judgment on August 16. On August 23, the trial court granted the city's motion without a hearing. On September 9, appellant moved for relief from default judgment under Civ.R. 60(B). On March 1, 2005, the trial court denied appellant's motion without a hearing. This appeal follows.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANTA-PPELLANT IN GRANTING DEFAULT JUDGMENT TO PLAINTIFF-APPELLEE BY MOTION WITH NO HEARING."
 {¶ 5} "Default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action." Davis v. Immediate Med. Serv., Inc.,80 Ohio St.3d 10, 14, 1997-Ohio-363. Civ.R. 55(A) requires that a hearing be held on a motion for default judgment if the party against whom default judgment is sought "has appeared in the action." SeeNieman v. Bunnell Hill Dev. Co., Inc., Butler App. No. CA2002-10-249, 2004-Ohio-89. "An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." Alliance Group, Inc.v. Rosenfield (1996), 115 Ohio App.3d 380, 390. A party must clearly express an intention and purpose to defend the suit in order to make an appearance within the meaning of Civ.R. 55(A). See Median Supply Co., Inc. v. Dig It Foundations, Ltd., Summit App. No. 20685, 2002-Ohio-1500.
 {¶ 6} Upon reviewing the record, we find that appellant failed to make an appearance in the action within the meaning of Civ.R. 55(A). By his own admission in his appellate brief, appellant received the city's motion for default judgment on August 17, yet failed to file anything until September 9 when he filed his Civ.R. 60(B) motion, approximately two weeks after default judgment had been entered. Significantly, appellant did not file a memorandum in opposition to the city's motion for default judgment.
 {¶ 7} According to his appellate brief, appellant did go "to Judge Sage's Courtroom and spoke to the Judge's Bailiff [on August 19, 2004]. Unfortunately Judge Sage was not available." We decline to find that such an act constitutes an appearance within the meaning of Civ.R. 55(A). Having failed to make an appearance in the action, we therefore find that appellant was not entitled to a hearing on the city's motion for default judgment under Civ.R. 55(A).
 {¶ 8} Appellant also challenges the service of the initial complaint and argues that due process considerations required personal service of the complaint, and not service by certified or ordinary mail. We disagree.
 {¶ 9} Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear. Samson Sales, Inc. v.Honeywell, Inc. (1981), 66 Ohio St.2d 290, 293, citing Mullanev. Central Hanover Bank Trust Co. (1950), 339 U.S. 306,70 S.Ct. 652. Service of any process must be made by certified mail unless otherwise permitted by the Ohio Rules of Civil Procedure. Civ.R. 4.1(1). When a plaintiff files a written request with the clerk for personal service or for residence service, "service of process shall be made by that method." Civ.R. 4.1(2) and (3). Because the city never requested it, personal service of the complaint was not required under Civ.R. 4.1.
 {¶ 10} Ordinary mail service, if applicable, is to be requested only after the failure of certified mail service. Civ.R. 4.6(D) provides that if certified mail is returned with an endorsement showing that the envelope was "unclaimed," the serving party can request that the complaint be served by ordinary mail service. The mailing must be evidenced by a certificate of mailing which must be completed and filed by the clerk. Id. Answer day must be 28 days after the date of mailing as evidenced by the certificate of mailing. Id. Service is deemed complete "when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Id. If the ordinary mail envelope is not returned, there is a presumption that proper service has been perfected. However, such presumption is rebuttable by sufficient evidence. Grant v. Ivy
(1980), 69 Ohio App.2d 40, 42-43.
 {¶ 11} In the present case, the city filed its complaint on May 21, 2004. On May 26, a copy of the summons and complaint was sent by certified mail, return receipt requested, to appellant at 417 Walnut Street, Hamilton, OH 45011. A copy of the summons and complaint was also sent by certified mail to appellant at P.O. Box 1128, Hamilton, OH 45012. Both were retuned "unclaimed." Thereafter, upon request, service was reissued to appellant by ordinary mail at the foregoing Walnut Street address on July 1. There is no indication that the summons and complaint sent by ordinary mail were returned by the postal authorities or otherwise not deliverable. No answer was filed on behalf of appellant within 28 days, and the city moved for default judgment on August 16.
 {¶ 12} We find that the city perfected service of its complaint on July 29, 2004 by way of ordinary mail under Civ.R. 4.6(D). We also find that the presumption of proper service was not rebutted by appellant. In an affidavit attached to his Civ.R. 60(B) motion, appellant asserts that he does not reside at the Walnut Street address and that "the only notice of the Complaint was served upon the vacant residence by affixing the notice to the door." While appellant asserts he does not reside at the Walnut Street address, he does not claim that he never resided there. By his own admission in his appellate brief, appellant received the city's motion for default judgment even though it was sent by ordinary mail to the exact same address on Walnut Street. We further note that although appellant allegedly does not reside at the Walnut Street address, he nevertheless listed it as his address when filing this appeal. In light of the foregoing, we find that serving appellant at the Walnut Street address was reasonably calculated to apprise appellant of the action pending against him and give him an opportunity to appear. See Koziol v. Refe (Dec. 10, 1993), Geauga App. No. 93-G-1769.
 {¶ 13} The trial court therefore did not err by granting default judgment in favor of the city without a hearing. Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANTA-PPELLANT IN DENYING DEFENDANT-APPELLANT'S CIVIL RULE 60(B) MOTION TO SET ASIDE DEFAULT JUDGMENT WITH NO HEARING ON THE MERITS OF THE MOTION."
 {¶ 16} It is well-established that a court does not have to conduct a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative facts to support relief under Civ.R. 60(B). See Bates Springer, Inc. v. Stallworth
(1978), 56 Ohio App.2d 223. To be entitled to a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he is entitled to relief." Kay v.Marc Glassman, Inc., 76 Ohio St.3d 18, 20, 1996-Ohio-430.
 {¶ 17} Appellant filed a motion for relief from default judgment solely on the ground that he "was not provided with adequate notice of the hearing scheduled for the default judgment." Appellant did not state which section of Civ.R. 60(B) he was relying upon. After "review[ing] all the material submitted by the parties," the trial court denied appellant's Civ.R. 60(B) motion as follows:
 {¶ 18} "[Defendant was] not provided notice of such a hearing because such a hearing was not scheduled. Normally, this Court only conducts a default judgment hearing when the party who filed the motion failed to include the date of service upon which the opposing party was served. However, [the city] did include the date of service in its motion; therefore a default judgment hearing was not held by this Court. As a result, this Court finds that [defendant has] not successfully proven all elements for a Civ.R. 60(B) motion."
 {¶ 19} We have already held that, having failed to make an appearance in the action, appellant was not entitled to notice of the default hearing. We therefore find that the trial court did not err by denying appellant's Civ.R. 60(B) motion without a hearing. See Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9
(trial court does not abuse its discretion by failing to conduct a hearing on a Civ.R. 60[B] motion when the court has sufficient evidence before it to decide whether a meritorious defense was presented).
 {¶ 20} Appellant also argues that he is entitled to relief under Civ.R. 60(B)(1), (3), and (5) and lists several specific reasons in support of his argument. However, these issues were not raised in appellant's Civ.R. 60(B) motion and were therefore not addressed by the trial court. It is well-established that a party cannot raise new issues or legal theories for the first time on appeal. See Moats v. Metropolitan Bank of Lima (1974),40 Ohio St.2d 47. Questions neither raised in nor passed upon by the trial court will not be ruled upon by this court. Id. Appellant's second assignment of error is overruled.
 {¶ 21} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.