[Cite as *Nix v. Richter*, 2017-Ohio-8431.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| NANCY E. NIX, TREASURER, BUTLER COUNTY, OHIO, | : | |
| | : | CASE NO. CA2017-04-043 |
| Plaintiff-Appellee, | : | O P I N I O N |
| | : | 11/6/2017 |
| - vs - | : | |
| | : | |
| ROBERT J. RICHTER, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2015-11-2532


Michael T. Gmoser, Butler County Prosecuting Attorney, Dan L. Ferguson, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John W. Herr, 400 South Main Street, Middletown, Ohio 45044, for defendant-appellant, Robert J. Richter

Santokh Bhatti, 8045 Vegas Circle, West Chester, Ohio 45069, defendant, pro se


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Robert Richter, appeals a decision of the Butler County Court of Common Pleas denying his motion for relief from judgment. For the reasons detailed below, we affirm.

{¶ 2}  On November 3, 2015, the Butler County Prosecutor filed a delinquent tax foreclosure complaint against Robert and Rita Richter, any alleged unknown spouses of the two, and the Mercantile Savings Bank.  Appellant was served with the complaint by certified mail.  The certified mail was returned unclaimed on December 7, 2015 and the state then served appellant by ordinary mail on December 17, 2015.

{¶ 3}  Appellant failed to respond or appear for any proceedings and a default judgment and decree of foreclosure was entered against appellant on June 6, 2016.  The trial court entered a judgment entry confirming the sale of the property on September 15, 2016.

{¶ 4}  On February 8, 2017, appellant moved to vacate the judgment and tax sale. Appellant claimed that the decree of foreclosure and judgment entry confirming the sale of the property were void because the County failed to complete service of process by publication in the action.  The trial court denied appellant's motion.  Appellant now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 5}  THE TRIAL COURT, BECAUSE OF [sic] IT FAILED TO RECOGNIZE THAT THE PENDING CAUSE OF ACTION IS ONE IN REM FOR WHICH THE MANDATE FOR SERVICE OF PROCESS BY PUBLICATION SET FORTH IN R.C. 5721.18(B) IS APPLICABLE ON THE FACE OF THE COMPLAINT, ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HIS MOTION TO VACATE AS VOID *AB INITIO* THE JUDGMENT ENTRY DECREE OF FORECLOSURE AND THE JUDGMENT ENTRY CONFIRMING SALE.

{¶ 6}  In his sole assignment of error, appellant argues that the trial court erred by overruling his motion to vacate judgment.  Appellant's argument is without merit.

{¶ 7}  "In order to render a valid judgment, a court must have jurisdiction over the defendant in the action." *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 12.  A trial court lacks jurisdiction to enter a default judgment against a

defendant if a plaintiff fails to perfect service on the defendant and the defendant has not appeared in the action or waived service. *Bendure v. Xpert Auto, Inc.*, 10th Dist. Franklin No. 11AP-144, 2011-Ohio-6058, ¶ 16.

{¶ 8} A trial court's ability to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state. *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 12th Dist. Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 10. Thus, when a party claims a trial court lacked personal jurisdiction due to improper service of process, the appropriate method to challenge such void judgment is through a common law motion to vacate. *Third Fed. S. &. L. Assn. v. Taylor*, 10th Dist. Franklin No. 17AP-254, 2017-Ohio-7620, ¶ 11; *Chuang Dev. L.L.C. v. Raina*, 10th Dist. Franklin Nos. 15AP-1062 and 16AP-500, 2017-Ohio-3000, ¶ 29.

{¶ 9} An appellate court reviews the denial of a motion to vacate under an abuse-of-discretion standard. *Bank of New York Mellon v. Maxfield*, 12th Dist. Butler No. CA2016-01-004, 2016-Ohio-2990, ¶ 9. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily or unconscionably. *Alsip* at ¶ 10.

{¶ 10} "Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear." *Maxfield* at ¶ 10, citing *City of Hamilton v. Digonno*, 12th Dist. Butler No. CA2005-03-075, 2005-Ohio-6552, ¶ 9. Civ.R. 4.1 sets forth permissible methods of service for in-state defendants, including certified or express mail service, personal service, or residence service. In addition, Civ.R. 4.4 sets forth the process of service by publication if the residence of a defendant is unknown.

{¶ 11} In the present case, the County served appellant by certified mail on November 5, 2015. The complaint was returned as unclaimed one month later. As a result,

the County served appellant with the complaint by ordinary mail, as is permitted under Civ.R. 4.6(D). *Digonno* at ¶ 10.

{¶ 12} On appeal, appellant claims that the County pursued this foreclosure as an action in rem, as opposed to in personam, and therefore the County was required to serve him by publication. R.C. 5721.18 details foreclosure proceedings for state liens. Pursuant to R.C. 5721.18(A) "foreclosure proceedings shall be instituted and prosecuted in the same manner as is provided by law for the foreclosure of mortgages on land * * *." The relevant statute continues with "*if service by publication is necessary*, such publication shall be made once a week for three consecutive weeks * * *." *Id.* (Emphasis added.) Further requirements for obtaining service by publication are addressed in R.C. 5721.18(B).

{¶ 13} Based on his interpretation of the County's complaint, appellant maintains that the County pursued this action in rem. Relying on the statute above, appellant concludes that the County was required to serve him with notice of foreclosure by publication. As a result, appellant maintains that service was faulty and therefore the trial court's foreclosure and confirmation entries should be vacated even though he does not dispute that he was served individually by the County.

{¶ 14} We find the trial court did not err by denying appellant's motion to vacate. Though appellant claims otherwise, jurisdiction in this case was exercised in personam, not in rem. This determination is readily ascertainable, as the named parties are individuals, not property. The complaint here named appellant and the remaining interested parties individually. The complaint does not make any reference to an in rem proceeding, or comply with the statutory form for filing an action in rem, as detailed in R.C. 5721.181. In short, the record before this court makes clear that this action was pursued based on in personam jurisdiction.

{¶ 15} Under R.C. 5721.18, foreclosure proceedings are instituted "in the same

- 4 -

manner as is provided by law for the foreclosure of mortgages on land." As appellant was a named party in the action, the County was permitted to obtain service through certified mail. *See* Civ.R. 4.1. The provisions related to the rules for obtaining service through publication apply only "if service by publication is necessary." R.C. 5721.18(A). As the County obtained service through another, more effective means, the County was not required to attempt service by publication.

{¶ 16} While it is true that notice by publication plays a legitimate, and necessary, role in our system of justice, it is more appropriately used as a substitute when other options are not possible. *In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 336-337 (1980). Furthermore, even if this action had been instituted in rem, irregularities in notice procedures will not invalidate a tax sale under R.C. 5721.19(F)(4) unless the irregularities abrogate the provision for notice to interested parties. Again, appellant does not dispute that he was served by certified mail and ordinary mail. Appellant was not prejudiced by the failure to receive notice by publication when he was served properly by certified mail and ordinary mail.

{¶ 17} In sum, we find the trial court correctly concluded that appellant had been properly served. The trial court, therefore, did not err in denying appellant's motion to vacate. Accordingly, we overrule appellant's sole assignment of error.

{¶ 18} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.