[Cite as *Zurmehly v. Burnett*, 2020-Ohio-4181.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| JEANNIE M. ZURMEHLY, TREASURER OF CLERMONT COUNTY, OHIO, | : | |
| | : | CASE NO. CA2019-11-088 |
| Appellee, | : | O P I N I O N |
| | : | 8/24/2020 |
| - vs - | : | |
| | : | |
| RODNEY P. BURNETT, et al., | : | |
| Appellants. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019CVE0030

D. Vincent Faris, Clermont County Prosecuting Attorney, Jason A. Fountain, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Alan D. Brown, Pickaway Correctional Institution, #A744063, P.O. Box 209, Orient, Ohio, 43146, pro se

**RINGLAND, J.**

{¶1}   Appellant, Alan Brown, appeals the decision of the Clermont County Court of Common Pleas confirming the sale of real property following tax lien foreclosure proceedings.  For the reasons detailed below, we affirm.

{¶2}   On January 9, 2019, the Clermont County Treasurer initiated foreclosure proceedings against record owners, Rodney Burnett and Linda Hutchinson, for delinquent

taxes owned on their property located at 6564 State Route 133, Goshen, Ohio. The complaint stated that Brown may claim to have a lien interest in the property by virtue of a certificate of judgment in the amount of $8,630 and recorded as 2018 JUD 01926. Brown was served with the complaint. Brown subsequently answered the complaint asserting his interest while indicating that he did "not wish to prevent the property from being sold. I only wish to recover the moneys owed to me by Rodney P. Burnett." The record owners, Burnett and Hutchinson, did not respond to the complaint or otherwise participate in the foreclosure action.

{¶3} The trial court granted default judgment against Burnett and Hutchinson and the property was thereafter sold to a third-party purchaser on October 8, 2019 for the minimum bid set by the trial court. The trial court then issued an entry confirming sale, distributing the proceeds of the sale, affirming the transfer of the subject property to the purchaser, and releasing and canceling all liens remaining on the subject property. Brown now appeals, raising a single assignment of error for review:

{¶4} WHETHER APPELLANT ALAN BROWN PERFECTED AN ENFORCEABLE LIEN UNDER OHIO LAW THAT ATTACHED TO DELINQUENT TAX PROPERTY UNDER FORECLOSURE.

{¶5} In his sole assignment of error, Brown questions whether the Treasurer had perfected an enforceable lien under Ohio law. Brown also asserts, however, that the trial court erred "when it failed to notify [the] Sheriff that said [a]ppellant had [a] lien on the property" and that the Treasurer should have recorded a separate instrument to perfect its lien. Taking Brown's argument as a whole, Brown alleges the trial court erred by confirming a purportedly unlawful sale of the property. Following review, we find the foreclosure proceedings and sale of the subject property were conducted in accordance with the law. Brown's argument is therefore without merit.

- 2 -

{¶6} R.C. 5721.10 provides the state a first and best lien on all lands described in the delinquent land list for the amount of taxes charged thereon and allows the state to institute foreclosure proceedings on such property when taxes have not been paid for one year after having been certified as delinquent. *Suggs v. McCool*, 12th Dist. Preble No. CA93-05-009, 1994 Ohio App. LEXIS 717, *9 (Feb. 28, 1994).

{¶7} Pursuant to R.C. 5721.18(A) "foreclosure proceedings shall be instituted and prosecuted in the same manner as is provided by law for the foreclosure of mortgages on land * * *." *Nix v. Richter*, 12th Dist. Butler No. CA2017-04-043, 2017-Ohio-8431, ¶ 12. R.C. 5721.18 further details the procedures to be followed in a proceeding to foreclose on a state lien.

{¶8} The Treasurer's complaint set forth the tax delinquency due and owing on the subject property. The complaint requested that the property be sold to satisfy the delinquency in accordance with R.C 5721.18(A). The record owners of the property and all interested parties, including Brown, were included as necessary parties in the action and properly served. Brown responded by asserting his interest in the property by nature of his certificate of judgment lien against Burnett, which was listed as 2018 JUD 01926. The Treasurer does not dispute that Brown had a valid and existing lien at the time of the filing of the complaint.

{¶9} After Burnett and Hutchinson failed to respond, the trial court granted default judgment in favor of the Treasurer. Thereafter, in accordance with R.C. 5721.19(A), the trial court entered a finding with respect to each parcel of the amount of the taxes, assessments, charges, penalties, and interest due and unpaid. The trial court then ordered the property be sold to satisfy the amounts due and found that Brown was entitled to be paid on his lien out of any remaining proceeds in order of his priority.

{¶10} The trial court set the minimum bid in accordance with R.C. 5721.19(A)(2) and

ordered the subject parcels to be sold together for a minimum bid of $12,817. With the minimum bid established by the trial court, the property was advertised for sale and was published in the Clermont Sun once per week for three consecutive weeks in accordance with R.C. 5721.19(B).

{¶11} The property was first offered for sale on September 24, 2019 but received no bids. The property was offered again on October 8, 2019 at the same time and location. A single bid was received at the minimum amount of $12,817.

{¶12} Proceeds of a sale under R.C. 5721.18(A) are applied in accordance with R.C. 5721.19 (D) and (G). Pursuant to R.C. 5721.19(D), the proceeds are applied, first to the costs incurred in the proceeding, second to a percentage amount of the delinquent tax and assessment collection fund, and third to the taxes, assessments, charges, penalties, and interest due on the property.

{¶13} After payment of the above, excess funds are generally payable to responding lienholders in order of priority. However, there is no additional distribution to lienholders when the property is sold only for the Treasurer's estimate of taxes and costs due. In the event that a property is sold pursuant to R.C. 5721.19(A)(2) for the amount of the Treasurer's estimate and the "estimate exceeds the amount of taxes, assessments, interest, penalties, and costs actually payable," the successful bidder shall be refunded the "difference between the estimate and the amount actually payable." R.C. 5721.19(G).

{¶14} When the trial court confirmed the sale, title to the property "shall be incontestable in the purchaser and shall be free and clear of all liens and encumbrances," except for certain federal tax liens, easements, and covenants of record running with the land. R.C. 5721.19(F)(2). In this case, Brown's certificate of judgment falls within the category of "liens and encumbrances" released from the property.

{¶15} Despite Brown's argument to the contrary, the record is clear that the

proceedings in the foreclosure of this tax lien were done in accordance with the requirements and procedures set forth in the Ohio Revised Code. Because the foreclosure and sale of the property were conducted in all respects in accordance of the law, we find Brown's sole assignment of error is without merit and is hereby overruled.

{¶16} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.