[Cite as *4030 W. Broad, Inc. v. Neal*, 2021-Ohio-3685.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 4030 W. Broad, Inc., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 20AP-31 |
| | | (C.P.C. No. 18CV-9586) |
| Leo Neal, Jr., | : | |
| Defendant-Appellant, | : | (REGULAR CALENDAR) |
| OhioHealth Corporation et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 14, 2021

**On brief**: *Leo Neal, Jr.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Leo Neal, Jr., from a judgment of the Franklin County Court of Common Pleas, overruling his objections to a magistrate's decision and adopting the magistrate's decision denying his motion for relief from judgment.

{¶ 2} On November 16, 2018, plaintiff-appellee, 4030 West Broad, Inc., filed a complaint in foreclosure against appellant, alleging appellant was "an individual owning and residing at the property located at 5174 Schuylkill Street, Columbus, Ohio." (Compl. in Foreclosure at 2.) The complaint alleged that, on or about April 5, 2018, appellee obtained a judgment against appellant in the Franklin County Municipal Court in the amount of

$15,000, plus court costs and statutory interest, and that such judgment was certified and filed as a judgment lien in Franklin County.  It was further alleged that the judgment lien against appellant was a valid and subsisting lien on appellant's interest in the real property located at 5174 Schuylkill Street, and that appellee was entitled to foreclose on its lien.  The complaint also named as defendants OhioHealth Corporation, Ohio State Department of Taxation, Thomas Lilly, and the Franklin County Treasurer, alleging those defendants may have an interest in the subject property as a result of judgment liens or otherwise.

{¶ 3}   On June 10, 2019, appellee filed a motion for default judgment against appellant.  The memorandum in support asserted that the summons and complaint were issued to appellant by way of certified mail on January 14, 2019, and that the certified mail service "came back as 'UNCLAIMED' on March 19, 2019."  (Mot. for Default Jgmt. at 1.)  It was further asserted that the summons and complaint were issued to appellant by ordinary mail on March 28, 2019, and that appellant had yet to file an answer or otherwise respond.

{¶ 4}   On June 12, 2019, the trial court filed a finding and decree in foreclosure.  The court made findings appellant was in default, and that the certificate of lien filed by appellee (on July 6, 2018) "constitutes a valid lien upon the real property known as 5174 Schuylkill Street, Columbus."  (Finding & Decree in Foreclosure at 1.)

{¶ 5}   On July 10, 2019, appellant filed a pro se motion to set aside default judgment, pursuant to Civ.R. 60(B), and a motion to stay execution of judgment pending a hearing.  In the accompanying memorandum in support, appellant asserted in part that he did not have knowledge of the filing of the complaint until on or after June 24, 2019.  Appellant further argued the complaint "contains untrue statements which were meant to mislead this Court."  (Mot. to Set Aside Default Jgmt. at 1-2.)  On July 19, 2019, appellant filed a document titled "Opposition to Motion to Remove Case from Normal Docket" and "Defendant's Homestead Exemption Claim per R.C. 2329.66(A)(1)(a)."

{¶ 6}   On July 23, 2019, appellee filed a memorandum in opposition to appellant's motion to set aside default judgment and to stay execution.  On August 6, 2019, the trial court filed a decision and entry granting appellant's motion to stay execution of judgment.

{¶ 7}   By order of reference, the matter was submitted to a magistrate of the trial court for a hearing on appellant's Civ.R. 60(B) motion.  The order set a hearing date for September 3, 2019 before the magistrate.

{¶ 8} On August 22, 2019, appellant filed pro se "objections" to the order setting a hearing date for September 3, 2019. Appellant argued he "will be out of the state on business on September 3, 2019," and he also requested the court "to allow adequate time before the hearing to allow time for subpoenas to be served to witnesses and time to authenticate evidence to be entered during the hearing." (Def's. Objs. to Mag.'s Order filed Aug. 14, 2019.)

{¶ 9} The magistrate issued an order, filed August 29, 2019, continuing the hearing to September 17, 2019. The magistrate's order granting the request for a continuance included the following language: "NO FURTHER CONTINUANCES WILL BE GRANTED." (Order Continuing Mediation at 1.)

{¶ 10} On September 5, 2019, appellant filed "objections" to the magistrate's order setting a hearing for September 17, 2019. Specifically, appellant requested the court "set aside the order to allow time for subpoenas to be served for witnesses and to authenticate evidence to be entered during the hearing." (Def.'s Objs. to Mag's. Order filed Aug. 29, 2019.) Appellant objected to the order setting a hearing date for September 17, 2019 on the grounds it denied him "adequate time to authenticate twenty exhibits anticipated to be entered into the record." (Def.'s Objs. to Mag's. Order filed Aug. 29, 2019.)

{¶ 11} On September 9, 2019, the magistrate issued an order denying appellant's objection to the rescheduled hearing date of September 17, 2019. Specifically, the magistrate denied appellant's objection and request for a later hearing date on the basis "he was given sufficient time to issue subpoenas in this matter." (Entry Denying Def.'s Obj. to the Scheduling of Hearing 0n 60(B) Mot.)

{¶ 12} On September 9, 2019, appellant filed a pro se motion to dismiss the complaint and, in lieu of that motion, he sought "a jury demand for all triable issues in the instant case." (Mot. to Dismiss at 1.) Appellant also sought "a demand of $136,950 homestead exemption," pursuant to R.C. 2329.66(A)(1)(b), "for his principal residence located at 5174 Schuylkill Street, Columbus." (Mot. to Dismiss at 2.)

{¶ 13} On September 14, 2019, appellant filed a pro se "motion for continuance for funeral." In that motion, appellant sought to continue the September 17, 2019 hearing on the grounds he "must attend a funeral out of the state of Ohio on the date of the hearing and will not be able to attend the hearing." (Def.'s Mot. for Continuance for Funeral.)

{¶ 14} On September 16, 2019, appellee filed a memorandum in opposition to the motion for continuance, arguing appellant should, "at a minimum, have to provide verifiable information related to the out of state funeral supposedly taking place on the exact date and time of the hearing that he recently tried and failed to have continued a second time." (Appellee's Memo in Opp. to Mot. for Continuance at 2.)

{¶ 15} By entry filed September 16, 2019, the magistrate denied appellant's objection to the scheduling of the hearing based on the allegation he had to attend an out-of-state funeral. The magistrate found in part that appellant failed to provide "any verifiable information" in support of his request. (Entry Denying Def.'s Obj. to the Scheduling of Hearing on 60(B) Mot. at 2.)

{¶ 16} Appellee filed a memorandum in opposition to appellant's motion for dismissal and request for homestead exemption. In the accompanying memorandum, appellee argued the default judgment should stand because appellant failed to attend the hearing on the motion to vacate and failed to provide any necessary support for a Civ.R. 60(B) request to vacate.

{¶ 17} On September 18, 2019, the magistrate issued a decision denying appellant's motion for relief from judgment. In that decision, the magistrate noted the hearing on the motion "was conducted on September 17, 2019 * * * and was electronically recorded." (Mag. Decision at 3.) The decision of the magistrate found "no evidence was presented to establish a meritorious defense or that relief is appropriate under one of the grounds stated in Rule 60(B)(1) through (5)." (Mag. Decision at 7.)

{¶ 18} On September 23, 2019, appellant filed a request for findings of fact and conclusions of law. On September 27, 2019, appellant filed objections to the magistrate's decision. On October 3, 2019, appellee filed a response to appellant's objections.

{¶ 19} By decision and entry filed December 10, 2019, the trial court overruled appellant's objections and adopted the decision of the magistrate. The decision of the trial court also denied appellant's motion to dismiss and demand for a homestead exemption, denied appellant's motion for additional time for preparation of a transcript, and granted in part and denied in part appellant's request for findings of fact and conclusions of law.

{¶ 20} On appeal, appellant, pro se, sets forth the following ten assignments of error for this court's review:

I. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 4.1(A)(1) BY FAILING TO RULE THAT APPELLANT WAS NOT TIMELY SERVED THE COMPLAINT IN THE INSTANT CASE.

II. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 38(D) BY FAILING TO GRANT APPELLANT'S JURY DEMAND FOR ALL TRIABLE ISSUES IN THE INSTANT CASE.

III. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 26(B)(1) BY FAILING TO GRANT APPELLANT TIME TO OBTAIN A TRANSCRIPT OF THE EX-PARTE EVIDENTIARY HEARING IN THE INSTANT CASE.

IV. THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, VIOLATED CIV.R. 26(B)(1) & (3) AND PREJUDICED APPELLANT BY FAILING TO GRANT APPELLANT TIME TO AUTHENTICATE EVIDENCE TO BE ENTERED AT THE JURY TRIAL TO SET ASIDE THE DEFAULT JUDGMENT IN THE INSTANT CASE.

V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT'S MOTION FOR A CONTINUANCE OF THE JURY TRIAL IN THE INSTANT CASE DUE TO AN ACT OF GOD.

VI. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 53(D)(3)(a)(ii) AND CIV.R. 53(D)(2)[b] BY FAILING TO ORDER THE TRIAL COURT MAGISTRATE TO PROVIDE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER THE EX-PARTE HEARING IN THE INSTANT CASE.

VII. THE TRIAL COURT ERRED AND VIOLATED R.C. 2329.66(A) BY FAILING TO RULE THAT A QUALIFIED APPRAISAL MUST BE DONE FOR APPELLANT'S PRINCIPAL RESIDENCE BEFORE A FORECLOSURE SALE OF APPELLANT'S PRINCIP[AL] RESIDENCE.

VIII. THE TRIAL COURT ERRED AND VIOLATED R.C. 2329.66(A)(1)(a) BY FAILING TO RULE THAT APPELLANT'S PRINCIP[AL] RESIDENCE IS PROTECTED FROM FORECLOSURE IN THE INSTANT CASE.

IX. THE TRIAL COURT ERRED BY FAILING TO STAY ANY FORECLOSURE ACTION IN THE INSTANT CASE BECAUSE

AN APPEAL IS PENDING IN THE TENTH DISTRICT COURT OF APPEALS.

X. THE TRIAL COURT ERRED BY FAILING TO DISMISS THE ALLEGED JUDGMENTS FILED BY THE OHIO STATE DEPARTMENT OF TAXATION AND OHIO HEALTH CORPORATION IN THE CASE AT BAR.

{¶ 21} Under the first assignment of error, appellant challenges the findings of the magistrate regarding service of the summons and complaint as well as the trial court's decision overruling his objection to the magistrate's determination that he was properly served. According to appellant, while the clerk of the trial court attempted to serve the complaint by ordinary mail on February 22, 2019, the "record shows" he was "not served the instant complaint until on or after June 22, 2019." (Appellant's Brief at 13.)

{¶ 22} In accordance with the provisions of Civ.R. 53, "the trial court reviews a magistrate's decision de novo." *RRL Holding Co. of Ohio, L.L.C. v. Stewart*, 10th Dist. No. 19AP-202, 2020-Ohio-199, ¶ 37. In addressing objections to a magistrate's decision, "the trial court must make an independent review of the matters objected to in order 'to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law.' " *Id.*, quoting Civ.R. 53(D)(4)(d). By contrast, an appellate court "applies an abuse of discretion standard when reviewing a trial court's adoption of a magistrate's decision." *Id.* This court does, however, "review questions of law de novo." *Mtge. Bank Corp. v. WWIO, Ltd.*, 10th Dist. No. 16AP-44, 2016-Ohio-7069, ¶ 12.

{¶ 23} As noted under the facts, in his motion to set aside default judgment, appellant asserted he "did not have knowledge" of the filing of the complaint "until on or after June 24, 2019." (Mot. to Set Aside Default Jgmt. at 1.)

{¶ 24} The magistrate, in the decision denying appellant's motion for relief from judgment, addressed the issue of service, holding in relevant part:

> A review of the record shows that service of the summons and complaint was attempted via certified mail to his residence at 5174 Schuylkill Street, Columbus, Ohio 43220. Service via the certified mail failed in that it was returned "unclaimed" on March 19, 2019. Service was then obtained via ordinary mail service to [appellant's] residence on March 28, 2o19. As such, prima facie appearance of proper service of summons exists in the form of ordinary mail service on [appellant]. No evidence was presented to rebut the presumption of proper service of

> process in this matter and the Magistrate finds that [appellant] was properly served with the summons and complaint.

(Mag. Decision at 6.)

{¶ 25} In his objections to the magistrate's decision, appellant argued he was "out of the state on business between February 10, 2019 until June 19, 2019," and that he "did not receive his mail until June 22, 2019."  (Def.'s Objs. to Mag. Decision at 2.)

{¶ 26} The methods for obtaining service of process are set forth in Civ.R. 4.1.  If applicable, ordinary mail service "is to be requested only after the failure of certified mail service."  *Hamilton v. Digonno,* 12th Dist. No. CA2005-03-075, 2005-Ohio-6552, ¶ 10.  Pursuant to Civ.R. 4.6(D), "if certified mail is returned with an endorsement showing that the envelope was 'unclaimed,' the serving party can request that the complaint be served by ordinary mail service."  *Id.*  Such service "is deemed complete 'when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.' "  *Id.*, quoting Civ.R. 4.6(D).  In the event the "ordinary mail envelope is not returned, there is a presumption that proper service has been perfected."  *Id.*  Such presumption, however, "is rebuttable by sufficient evidence."  *Id.*, citing *Grant v. Ivy*, 69 Ohio App.2d 40, 42-43 (10th Dist.1980).

{¶ 27} As observed by the magistrate, the record indicates that appellee attempted to serve the summons and complaint by way of certified mail (on January 14, 2019) at appellant's residence at 5174 Schuylkill Street, Columbus. On March 19, 2019, the certified mail service came back as unclaimed.  The record further indicates that appellee served the summons and complaint by ordinary mail on March 28, 2019, and there is nothing in the record to indicate that the summons and complaint sent by ordinary mail was returned.

{¶ 28} While appellant challenges the magistrate's determination on the issue of service, he failed to appear at the hearing on his motion for relief from judgment on September 17, 2019, and the magistrate was not required to credit his unsupported statement in his motion to vacate that he did not have knowledge of the filing of the complaint until June 24, 2019. *See Castanias v. Castanias*, 12th Dist. No. CA2009-11-152, 2010-Ohio-4300, ¶ 11 ("a party's self-serving statement that he did not receive service is generally insufficient to rebut the presumption of service that arises when the serving party complies with Civ.R. 4.6(D)"); *HSBC Mtge. Servs., Inc. v. Ballard*, 12th Dist. No. CA2011-

05-088, 2012-Ohio-2251, ¶ 8 (When the facts of a case establish rebuttable presumption of ordinary mail service, "a party's unsupported argument that notice was not received is insufficient to rebut the presumption that service was perfected."). Based on a review of the record presented, we find no error by the trial court in overruling appellant's objection on this issue and adopting the magistrate's determination that appellant was properly served with the summons and complaint.

{¶ 29} Appellant's first assignment of error is overruled.

{¶ 30} Under the second assignment of error, appellant asserts the trial court violated Civ.R. 38(B) by failing to grant his jury demand. According to appellant, the court erred in referring the case to a magistrate to conduct a hearing on his motion to set aside the default judgment.

{¶ 31} As set forth under the facts, on September 9, 2019, appellant filed a motion to dismiss the complaint. Specifically, appellant sought to dismiss the complaint based on his claim that a separate municipal court case (case No. 2016CV-019268) was pending in which he had filed a Civ.R. 60(B) motion "to set aside the order granting summary judgment and the excessive unfounded damages granted by the Court for delay in the subject contract dispute case." Appellant argued that, in that 2016 case, the trial court "erred by waiving the timely demand made by [appellant] for a jury trial to determine alleged damages." (Def.'s Mot. to Dismiss at 2.) Appellant also sought, in lieu of dismissal, a jury demand for all triable issues.

{¶ 32} Appellant cites no authority for the proposition that he was entitled to a jury trial in the instant action. Under Ohio law "[a]n action in foreclosure is equitable in nature and may be heard by the court," and "[n]either party may assert a right to a jury trial in an equitable action." *Natl. City Bank v. Abdalla*, 131 Ohio App.3d 204, 210 (7th Dist.1999). *See also Green Tree Servicing L.L.C. v. St. John*, 5th Dist. No. 2013 CA 00092, 2015-Ohio-1111, ¶ 26 ("A foreclosure action is equitable in nature and may be heard by a court."). An exception to the general rule "applies when there is a claim for a personal judgment against a party." *Rokakis v. W. Res. Leasing Co.,* 8th Dist. No. 95058, 2011-Ohio-1926, ¶ 9.

{¶ 33} In the instant action, the trial court noted in its finding and decree in foreclosure that appellee "does not seek a personal judgment against [appellant], but rather seeks only a finding of default and an order and decree of foreclosure." The trial court

therefore found "[n]o personal judgment is hereby rendered." (Finding & Decree in Foreclosure at 1.) Upon review, appellant's contention the trial court erred in referring the matter to a magistrate for a hearing on the motion for relief from judgment and in failing to grant his jury demand is without merit.

{¶ 34} Appellant's second assignment of error is not well-taken and is overruled.

{¶ 35} Under the third assignment of error, appellant asserts the trial court erred by failing to grant him time to obtain a transcript of the evidentiary hearing in this case. We disagree.

{¶ 36} In addressing this objection, the trial court found appellant's request for additional time to prepare a transcript, filed on October 8, 2019, to be moot. The trial court noted that appellant "requested until November 19, 2019, to prepare the transcript in this case," that "November 19, 2019 has passed," and that appellant "appears to have taken no actions to produce a transcript." (Decision & Entry Adopting Mag.'s Decision at 10.)

{¶ 37} Pursuant to Civ.R. 6(B), a trial court is permitted "to extend the period for filing a transcript of proceedings." *Oliver v. Oliver*, 5th Dist. No. 2014-AP-04-0014, 2014-Ohio-5230, ¶ 20, citing *Vance v. Ruso*, 9th Dist. No. 20442 (Aug. 1, 2001). A trial court "may grant or deny an extension of time under Civil Rule 6(B) in its sound discretion." *Id.*

{¶ 38} Appellant has failed to demonstrate an abuse of discretion by the trial court in ruling on his request for additional time to prepare a transcript. Here, the magistrate's decision was rendered on September 18, 2019, and appellant requested additional time until November 19, 2019 to prepare a transcript. A review of the record supports the trial court's determination that appellant apparently took no action to see that a transcript was prepared prior to the time the trial court ruled on appellant's objections (December 10, 2019). We further note that appellant "could have, but did not, seek to file an affidavit of the evidence" under Civ.R. 53(D)(3)(b)(iii). *Oliver* at ¶ 22.

{¶ 39} Appellant's third assignment of error is without merit and is overruled.

{¶ 40} Under the fourth assignment of error, appellant asserts the trial court erred in failing to grant him additional time to authenticate evidence to be entered to set aside the default judgment. More specifically, in his objections to the magistrate's decision, appellant argued he "discovered new evidence" during preparation for his appeal in case No. 2016CV-019268, and that such evidence "is contained in the twenty exhibits

[appellant] intended to enter into the record of the instant case." (Def.'s Objs. to Mag. Decision at 2.) Appellant argued that this evidence "changes the factual circumstances related to the judgment in the [2016] case and therefore it changes the factual circumstances in the instant case." (Def.'s Objs. to Mag. Decision at 2-3.)

{¶ 41} In general, "[t]he decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Countrywide Home Loans Servicing L.P. v. Stultz,* 161 Ohio App.3d 829, 2005-Ohio-3282, ¶ 14, citing *State v. Unger,* 67 Ohio St.2d 65, 67 (1981). A reviewing court "must apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party." *Id.* Among the considerations for a trial court in deciding a request for a continuance include "whether previous continuances have been granted," and "whether the request is reasonable or purposeful and contrived to merely delay the proceedings." *Id.*

{¶ 42} We find no abuse of discretion by the trial court in failing to grant appellant's request for additional time to authenticate evidence. The record indicates that, on August 22, 2019, appellant requested a continuance of the hearing date on his Civ.R. 60(B) motion (originally scheduled for September 3, 2019) "to authenticate evidence to be entered during the hearing." (Def.'s Objs. to Mag.'s Order filed Aug. 14, 2019.) The magistrate granted appellant's request and continued the case. The order of the magistrate specifically indicated no further continuances would be granted, and appellant's subsequent request for another extension to authenticate evidence was denied. Here, where the record indicates the court had granted a previous continuance, and where appellant's objection was based upon the claim he was pursuing newly discovered evidence in a separate (2016 municipal) court proceeding, we find no error by the trial court in overruling appellant's objection on this issue.

{¶ 43} Appellant's fourth assignment of error is overruled.

{¶ 44} Under the fifth assignment of error, appellant asserts the trial court erred in failing to grant his motion for a continuance for a funeral. Appellant argues the magistrate "failed to rule on [his] motion." (Appellant's Brief at 16.)

{¶ 45} As noted under the facts (and the previous assignment of error), the magistrate initially set a hearing date on appellant's motion to vacate for September 3,

2019.  Appellant filed an objection to the hearing date, and the magistrate issued an order granting appellant a continuance and rescheduling the hearing date for September 17, 2019; that order further provided that no further continuances would be granted.  On September 5, 2019, appellant filed another request for a continuance in which he sought "time for subpoenas to be served for witnesses and to authenticate evidence to be entered during the hearing."  (Def.'s Objs. to Mag.'s Order filed Aug. 29, 2019).  The magistrate denied appellant's objections to the scheduling of the hearing, finding appellant had received sufficient time.

{¶ 46}  On September 14, 2019, appellant filed a new motion for continuance, stating he could not attend the September 17, 2019 hearing because he had to attend an out-of-state funeral.  Appellee opposed the motion for continuance, arguing that, throughout "the underlying case proceedings in which the judgment was obtained that is the subject of this foreclosure action, [appellant] repeatedly requested continuances and failed to show up for pretrial conferences, most often claiming he was sick or out of state."  (Pl.'s Memo in Opp. to Def.'s Mot. for Continuance at 1.)  According to appellee, appellant failed to attend the final pre-trial conference in that underlying case, claiming he was too sick to return from out of state, and that the trial judge demanded evidence of illness which appellant failed to provide; further, that appellant failed to appear for trial, "attempting to request a last minute continuance on the morning of the trial."  Appellee asserted that appellant should, "at a minimum, have to provide verifiable information related to the out of state funeral supposedly taking place on the exact date and time of the hearing that he recently tried and failed to have continued a second time." (Pl.'s Memo in Opp. to Def.'s Mot. for Continuance at 2.)

{¶ 47}  By entry filed September 16, 2019, the magistrate denied appellant's request for a continuance "[b]ased upon the nature of [appellee's] objections and [appellant's] failure to provide any verifiable information."  (Entry Denying Def.'s Obj. to Scheduling of Hearing on 60(B) Mot. at 1-2.)  In the magistrate's subsequent decision denying appellant's motion for relief from judgment, the magistrate recited the circumstances regarding the denial for continuance in the findings of fact, noting in part:

> On September 14, 2019, the Saturday before the Hearing on Tuesday, September 17, 2019, Defendant filed a motion requesting a continuance indicating that he must attend a

> funeral out of the state. Contrary to the express requirements in the court's entry, Defendant failed to confer with the magistrate or provide her with an individual copy of the filing.
>
> Based on the history cited in Plaintiff's memo contra and Defendant's failure to confer with the magistrate and provide her with an individual copy of his weekend filing in which the magistrate would have requested verifiable information concerning the funeral, Defendant's request for a continuance was denied on September 16, 2019. The magistrate left a voicemail for Defendant on that same date that his request was going to be formally denied and that failure to appear at the Hearing would result in a denial of his 60(B) motion.

(Mag. Decision at 2-3.)

{¶ 48} As noted above, the grant or denial of a continuance is a matter entrusted to the "sound discretion" of the trial court and will not be reversed absent an abuse of discretion. *Countrywide Home Loans* at ¶ 14. In considering a motion for continuance, courts must assess the particular " 'circumstances present in every case,' " including " 'the reasons presented' " to the court at the time the request is denied. *State ex rel. Cordray v. Naypaver*, 11th Dist. No. 2008-T-0102, 2009-Ohio-4620, ¶ 30, quoting *Welch v. Ziccarelli*, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, ¶ 21. In this respect, courts have discretion when presented with uncorroborated requests for continuances. *Id.* at ¶ 31 (no abuse of discretion by trial court in denying the appellant's "uncorroborated motions for a continuance").

{¶ 49} Here, the magistrate determined appellant failed to provide the court with any verifiable information regarding his request for a continuance to attend an out-of-state funeral on the date of the scheduled hearing. The record indicates appellant's motion for continuance provided no specific information regarding a funeral (i.e., the location, or the name of the deceased and/or any relationship); further, appellant did not confer with the court to provide such information, nor did he respond to a voicemail message left by the magistrate indicating his request was going to be formally denied. Based on the record presented, appellant has failed to show an abuse of discretion by the trial court in overruling his objection to the magistrate's denial of his last minute request for a further continuance of the scheduled hearing.

{¶ 50} Appellant's fifth assignment of error is without merit and is overruled.

{¶ 51} Under his sixth assignment of error, appellant argues the trial court erred and violated Civ.R. 53(D)(3)(a)(ii) by failing to order the magistrate to provide written findings of fact and conclusions of law following the hearing. Appellant contends the trial court erred in accepting the magistrate's order without comment and in failing to order the magistrate comply with his request under Civ.R. 53(D).

{¶ 52} Civ.R. 53(D)(3)(a)(ii) states:

> Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law. A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision. If a request for findings of fact and conclusions of law is timely made, the magistrate may require any or all of the parties to submit proposed findings of fact and conclusions of law.

{¶ 53} Ohio courts have held that "Civ.R. 53 does not require a magistrate to issue a decision containing findings of fact and conclusions of law in every case." *Kess v. Kess*, 5th Dist. No. 17 CAF 05 0029, 2018-Ohio-1370, ¶ 24. The purpose of findings of fact and conclusions of law is to "allow the reviewing court to gain a clear understanding of the basis of the lower court's decision and to determine the grounds on which the magistrate or trial court reached its decision." *Id.* Further, "[t]he findings of fact and conclusions of law should be explicit enough to sufficiently apprise the parties and the court of the grounds for the decision." *Id.* It is "within the trial court's discretion whether to grant a request for findings of fact and conclusions of law." *Id.* at ¶ 25.

{¶ 54} In the present case, the trial court denied in part and granted in part appellant's request. Specifically, in addressing this objection, the trial court noted that appellant, on September 23, 2019, filed a document requesting findings "related to the denial of his continuance requests," and that he "also sought findings related to the judgment in Franklin County Municipal Case No. 2016 CVF 019[268]." (Decision & Entry Adopting Mag.'s Decision at 5.) The court noted that appellant also requested findings related to his request for a homestead exemption. The trial court, on review of the magistrate's decision, found the magistrate "properly sets forth her findings of fact and conclusions of law." (Decision & Entry Adopting Mag.'s Decision at 6.) Specifically, the trial court found "[a]s to claims [appellant] alleges the Magistrate failed to address, the only

motion before [the] Magistrate * * * was [appellant's] motion to vacate pursuant to Civ.R. 60(B)." (Decision & Entry Adopting Mag.'s Decision at 6-7.) The trial court noted that appellant's "motion to dismiss, and his demand for a Homestead Exemption remained pending before this Court," and that the court "addresses those issues in this decision." The trial court therefore denied in part appellant's request for findings of fact and conclusions of law, but granted in part the motion "in so far as the Court addresses the Motion to Dismiss and Demand for a Homestead Exemption below." (Decision & Entry Adopting Mag.'s Decision at 7.)

{¶ 55} A review of the magistrate's decision indicates the magistrate issued a comprehensive seven-page decision which included "findings of fact and conclusions of law." (Mag.'s Decision at 3.) As noted by the trial court, the focus of the magistrate's decision was appellant's motion to vacate pursuant to Civ.R. 60(B). The magistrate determined, based on the hearing conducted on the motion, that "no evidence was presented to establish a meritorious defense or that relief is appropriate under one of the grounds stated in Rule 60(B)(1) through (5)." (Mag.'s Decision at 7.) Further, to the extent appellant argued the magistrate failed to address his claim of a homestead exemption, the trial court noted that such motion was still pending before the court (and was, in fact, addressed by the trial court in its decision and entry of December 10, 2019). On review, we find that the magistrate's decision contained sufficient findings of fact and conclusions of law to facilitate the trial court's ruling on appellant's objections, and we further conclude the trial court did not err in granting in part and denying in part his request for findings of fact and conclusions of law.

{¶ 56} Appellant's sixth assignment of error is not well-taken and is overruled.

{¶ 57} Appellant's seventh and eighth assignments of error, both raising arguments based on the homestead exemption provisions of R.C. 2329.66(A)(1)(b), will be considered together. Under these assignments of error, appellant asserts the trial court erred in rejecting his argument that foreclosure was precluded based on his claim of a homestead exemption, and in failing to order an appraisal of the property prior to foreclosure to ensure that the homestead exemption is maintained.

{¶ 58} On September 9, 2019, appellant filed a "demand for homestead exemption" pursuant to R.C. 2329.66(A)(1)(b). In his objections to the magistrate's decision, appellant

asserted the magistrate failed to rule on his claim for an exemption in the decision filed September 18, 2019.

{¶ 59} At the outset, as discussed in addressing appellant's sixth assignment of error, the trial court noted in its decision overruling appellant's objections to the magistrate's decision that appellant's claim for a homestead exemption "remained pending" before the trial court, and the court addressed that claim in its decision and entry rendered on December 10, 2019. (Decision & Entry Adopting Mag.'s Decision at 7.) In addressing appellant's request for a homestead exemption pursuant to R.C. 2329.66(A)(1)(b), the trial court held that "a ruling on those requests would be premature." (Decision & Entry Adopting Mag.'s Decision at 8.) Specifically, the court noted that, pursuant to R.C. 2329.66(D)(2), "the interest shall be determined as of the date of any necessary appraisal conducted under R.C. 2329.68 or the issuance of a writ of execution." (Decision & Entry Adopting Mag.'s Decision at 9.) Further, noting that "[t]he appraisal under R.C. 2329.68 is for personal property only," the court therefore found "the relevant date is the issuance of a writ of execution, i.e. the order of sale." (Decision & Entry Adopting Mag.'s Decision at 9-10.) The trial court also agreed with appellee's contention that the homestead exemption "is not a defense to the foreclosure." The trial court thus concluded that appellant's right to exercise the homestead exemption "will be determined as of the date of the sale of the subject property." (Decision & Entry Adopting Mag.'s Decision at 10.)

{¶ 60} On review, we find no error by the trial court. Under Ohio law, "[w]hile the homestead exemption of R.C. 2329.66(A)(1)(b) is generally applicable to executions against real property in state court, this exemption does not prevent judgment and foreclosure on a mortgage attached to a residential premises." *Sec. Natl. Bank & Trust Co. v. Jones*, 2d Dist. No. 2000-CA-59 (July 6, 2001). *See also Markle v. Wayne S. & L. Co.,* 5th Dist. No. 98-COA-01274 (June 29, 1999) ("[a] mortgage lien is a consensual lien," and appellee's mortgage claim "has priority over appellant's homestead exemption claim"); *Dover W. Condominium Unit Owners' Assn. v. Carandang,* 8th Dist. No. 105490, 2017-Ohio-9168, ¶ 12 ("consensual liens on real property have been deemed to take priority over the homestead exemption"). In this respect, Ohio courts have held " 'the statute contemplates the [homestead exemption] issue being raised after judgment has been rendered.' " *New Falls Corp. v. Pierson*, 12th Dist. No. CA2013-03-023, 2014-Ohio-567, ¶ 22, quoting *Gale*

*v. Ficke,* 148 Ohio App.3d 657, 2002-Ohio-4030, ¶ 7 (8th Dist.). Stated otherwise (and as recognized by the trial court in the instant case), " 'the debtor's right to exercise the homestead exemption is determined as of the date of execution, garnishment, attachment, or sale of the subject property.' " *Id.,* quoting *Adkins v. Massie,* 4th Dist. No. 99CA18 (Mar. 12, 2001).

{¶ 61} Based on the foregoing, appellant's seventh and eighth assignments of error are not well-taken and are overruled.

{¶ 62} Under his ninth assignment of error, appellant asserts the trial court erred by failing to stay any foreclosure action because an appeal was pending in the Tenth District Court of Appeals. In his objection before the trial court, appellant asserted that, in his motion to dismiss, he had "advised that the record shows the Court in case number 2016 CVF 019268 erred by waiving the jury trial timely demanded by [appellant]." Appellant's objection involved his contention the magistrate erred in "failing to address these facts." (Def.'s Objs. to Mag.'s Decision at 4.)

{¶ 63} The trial court found no error by the magistrate, holding in part that appellant "cannot relitigate the decision in Franklin County Municipal Court Case No. 2016 CVF019268 here." (Decision & Entry Adopting Mag.'s Decision at 8.) We agree.

{¶ 64} We take judicial notice that this court, in *Neal v. 4030 W. Broad, Inc.*, 10th Dist. 19AP-667, 2020-Ohio-1348, affirmed the judgment of the trial court in appellant's appeal of the judgment in municipal court case No. 2016CV-019268. Specifically, in *Neil*, we noted that appellant had brought an appeal "from a denial of a request purportedly advanced under Civil Rule 60(B) to set aside a denial of a request to reconsider the denial of a motion to set aside judgment, where that * * * previous 60(B) denial had not been timely appealed." *Id.* at ¶ 4. This court summarily overruled appellant's 20 assignments of error, finding appellant "has not devised a way to circumvent the civil and appellate rules." *Id.*

{¶ 65} Appellant's contention that the magistrate in the instant case somehow erred in failing to render findings related to the judgment in the 2016 municipal court case is without merit. Correspondingly, appellant has failed to demonstrate error by the trial court in failing to stay the underlying proceedings based on his argument that an appeal was pending with respect to that 2016 case.

{¶ 66} Appellant's ninth assignment of error is overruled.

{¶ 67} Under the tenth assignment of error, appellant argues the trial court erred in "failing to dismiss the alleged judgments by the Ohio State Department of Taxation and the OhioHealth Corporation." Appellant's argument under this assigned error is brief and states he was not named as a judgment debtor in "Case No: 16 JG 015419 [and] Case No: 15 JG 035054." (Appellant's Brief at 20.)

{¶ 68} A review of the record fails to indicate that appellant raised any arguments related to the above assertions before either the magistrate or trial court. In general, a party "cannot assert new legal theories for the first time on appeal." *MKB Leasing Corp. v. Sagowitz*, 4th Dist. No. 02CA3 (Oct. 16, 2002), citing *Stores Realty Co. v. Cleveland,* 41 Ohio St.2d 41, 43 (1975). Thus, reviewing courts need "not consider issues that an appellant failed to raise initially in the trial court." *Id.* Here, because appellant failed to raise the above arguments, they are deemed "waived" and we will not consider them. *Id.*

{¶ 69} Appellant's tenth assignment of error is overruled.

{¶ 70} Based on the foregoing, appellant's ten assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and MENTEL, JJ., concur.

_____